```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT COLUMBIA
```

RANDY BEA ANDERSON,            )
                               )
       Plaintiff              )
                               )       No. 1:14-0094
v.                             )       Judge Crenshaw/Brown
                               )       **Jury Demand**
ROBERT COBLE, *et al.*,        )
                               )
       Defendants             )

**TO:   THE HONORABLE WAVERLY D. CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the sole Defendant remaining in this case motion for summary judgment (Docket Entry 48) be granted and this case dismissed with prejudice. It is further recommended that any appeal from such a dismissal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff filed this litigation on July 25, 2014, alleging that the Defendant Dr. Coble, Medical Director of South Central Correctional Facility (SCCF), violated his constitutional and civil rights by denying him needed medical attention.

In his complaint he alleged that on May 9, 2014, he swallowed four razor blades and was taken to an outside hospital on two occasions for treatment. He stated that he was allowed to pass the razor blades, which he alleged messed up his intestines and rectum. He stated that he signed up for sick call on numerous occasions but they took him off his medicines and pain medications.

Plaintiff next alleges that on July 17, 2014, he swallowed nine razor blades in order to get medical attention. He stated that he never got to medical, that they kept him in observation cells for four days, but did not do x-rays of his stomach to see about the blades that he had swallowed. He alleged that he still had the razor blades in his body and that he was denied medical treatment.

After initial review, the Plaintiff was allowed to proceed against Dr. Coble and six other Defendants. Subsequently, Senior Judge Haynes dismissed the claims against all Defendants other than Dr. Coble (Docket Entry 24) on October 31, 2014. The matter was referred to me for case management and a report and recommendation on any dispositive motion on July 6, 2016 (Docket Entry 31).

A scheduling order was entered in the matter after a lengthy telephone conference call with the parties on October 8, 2016 (Docket Entry 37). Discovery was permitted through November 7, 2016, and in a later order the Defendants were given until January 17, 2017, to file dispositive motions (Docket Entry 45). In that order, the Plaintiff was specifically warned that dispositive motions must be responded to by the date stated in the scheduling order unless he got an extension and that failure to respond could result in the granting of the relief requested. He was specifically advised that he could not just rely on his complaint, but must show there is a material dispute of fact with citation to the record,

affidavits or other matter of evidence, and that he should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

Subsequently, Defendant filed a motion for summary judgment (Docket Entry 48) supported by a memorandum of law, statement of uncontested facts, a declaration of records, and a declaration by Defendant himself.

On February 13, 2017, the Plaintiff wrote the Court a letter indicating he had not received anything about this case. On February 15, 2017, the Plaintiff was given additional time and the Clerk was directed to send the Plaintiff copies of the motion and its supporting documents (Docket Entry 55). As of the date of this report and recommendation the Plaintiff has not responded to the motion for summary judgment. He has written three letters asking for information (Docket Entries 58, 59, and 60). Plaintiff was sent two copies of the docket sheet in the matter. His last letter (Docket Entry 61) did not address the merits of his case, only a question as to the amount of money being withheld from his inmate account.

## LEGAL DISCUSSION

The Defendant has supported his motion for summary judgment with a well-written memorandum of law and supporting documents. The Plaintiff is a frequent filer. *See Anderson v. Punjab, Inc., et al.*, 3:16-CV-2635 (Docket Entry 30); *Anderson v. Starbucks Corporation., et al.,* 3:16-CV-2720, and *Anderson v. MFB*

3

*Partners, L.P., et al.*, 3:15-CV-1466; *Anderson v. B.F. Nashville, Inc.*, 3:16-2258.

The Magistrate Judge has reviewed the pleadings and believes that the Defendant's background and statement of facts (Docket Entry 49, pp. 1-6) adequately and correctly summarize the Plaintiff's complaint, medical records, and the statements of uncontested facts and of Defendant in this matter.

Likewise, the Defendant correctly states the standard of review under *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The heart of the Plaintiff's complaint deals with his allegations that Defendant was deliberately indifferent to the Plaintiff's serious medical needs and that he was denied medical care while at SCCF, in May and July 2014, when he claimed he swallowed razor blades.

To establish Eighth Amendment violations of inadequate medical care a plaintiff must allege facts that show deliberate indifference on the part of prison officials to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mere negligence will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 830 5-36 (1994).

As the Defendant points out in his memorandum the medical records show that the Plaintiff was treated for all his serious medical needs. The Plaintiff has simply not come forward in response to the motion for summary judgment with evidence to show that the Defendant knew of and disregarded an excessive risk to his

immediate health or safety, or that Defendant was aware of the facts from which such an inference could be drawn that there was a substantial risk of serious harm, and in fact drew that inference. *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010).

> The prisoner's right is as to medical care--not the type or scope of medical care which he personally desires. Difference of opinion between a physician and a patient does not give rise to the constitutional rights of a claim under 1983.

*Dotson v. Correctional Medical Services*, 584 F.Supp.2d 1063, 1067 (W.D. Tenn. 2008).

In this case it is apparent on the record that the Plaintiff received medical care for all of his complaint (*see* Docket Entry 49, pp. 11-14).

Finally, the Defendant notes that the Plaintiff failed to exhaust his grievance procedure under the Prison Litigation Reform Act (PLRA) as to any claims of retaliation. Once again, the record shows that the Plaintiff did not file any grievance regarding retaliation by Defendant and Plaintiff has come forward with no evidence, even at this late date, to show that he exhausted this issue through a grievance.

The Magistrate Judge would note that even if somehow there was a grievance the Plaintiff has failed to come forward with evidence to rebut Defendant's argument that the Plaintiff failed to show any actual retaliatory action taken by Defendant. The record reflects that rather than retaliating, Defendant has continued to provide reasonable medical care to the Plaintiff.

5

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion by Defendant for summary judgment be granted and this case dismissed with prejudice and that any appeal from such a dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 11th day of April, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge